UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAJAZZ SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA CORRECTIONAL<br>HEALTH CARE SERVICES, et al.,<br><br>    Defendants. | Case No. 18-cv-04087-YGR (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff LaJazz A. Smith, a former California prisoner proceeding *pro se*, filed the above-titled civil rights complaint pursuant to 42 U.S.C. § 1983. On November 26, 2018, the Court ordered as follows:

> In Plaintiff's other case, Case No. C 16-6577 YGR (PR), she informed the Court that as of July 16, 2018, she was released from RJDCF and that her new address was as follows: 974 N. Lafayette, Apt. 104, Fresno, CA 93728. *See* Dkt. 52 at 1 of Case No. C 16-6577 YGR (PR). Defendant's counsel in Case No. C 16-6577 YGR (PR) has informed the Court that she has been unable to communicate with Plaintiff since July 31, 2018 and that Plaintiff's "current whereabouts are unknown." *See* Dkt. 58 at 3 in Case No. C 16-6577 YGR (PR); Oct. 18, 2018 Bajwa Decl. ¶¶ 4-7 in Case No. C 16-6577 YGR (PR). Counsel has further informed the Court that she has been unsuccessful in contacting Plaintiff by telephone and by using the address above. *See* Nov. 5, 2018 Bajwa Decl. ¶¶ 3-5 in Case No. C 16-6577 YGR (PR).
>
> No later than **twenty-eight (28) days** from the date of this Order, Plaintiff must provide a current address at which mail may be sent to her. Failure to do so will result in the dismissal of this action for failure to prosecute and/or failure to comply with Local Rule 3-11, which requires that "a party proceeding *pro se* whose address changes while an action is pending must promptly file with the Court . . . a Notice of Change of Address specifying the new address."

Dkt. 7 at 1 (emphasis in original).

To date, Plaintiff has filed no response to the Court's Order, and the deadline for doing so has passed. A district court may *sua sponte* dismiss an action for failure to prosecute or to comply

with a court order pursuant to Federal Rule of Civil Procedure 41(b).  *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991).  The court should consider five factors before dismissing an action under Rule 41(b):  (1) the public interest in the expeditious resolution of the litigation: (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant(s); (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of actions on their merits.  *See Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).[1]  The first three factors, above, weigh in favor of dismissal in light of the amount of time that has passed—over six months—without Plaintiff communicating with the Court, including her not responding to the Court's November 26, 2018 Order.  The fourth factor also weighs in favor of dismissal because less drastic sanctions would have little impact in light of Plaintiff's apparent lack of interest in this case.  Although the fifth factor appears to weigh against dismissal, dismissal is appropriate in light of the other four factors.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) (finding district court did not abuse its discretion in dismissing petition with prejudice where three of the five factors weighed in favor of dismissal).

In light of the foregoing, this action is hereby DISMISSED for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of the Court shall close the file and terminate all pending motions as moot.

IT IS SO ORDERED.

Dated:   January 24, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge

---

[1] The court should also afford the litigant prior notice of its intention to dismiss, s*ee Malone*, 833 F.2d at 133, as this Court has done.